## Frank Thoele, Plaintiff in Error, v. Illinois Traction Company, Defendant in Error.

### (Not to be reported in full.)

Error to the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed July 2, 1914.

### Statement of the Case.

Action by Frank Thoele against Illinois Traction Company to recover for personal injuries. The jury returned a verdict for the defendant on which judgment was entered. To reverse the judgment, plaintiff prosecutes a writ of error.

The case was previously before the Appellate Court in 171 Ill. App. 198, in which the court reversed and remanded the case for the reason there was sufficient evidence to require the issues to be submitted to the jury.

JOHN A. FULWILER, JACOB P. LINDLEY and DEMANGE, GILLESPIE & DEMANGE, for plaintiff in error.

LIVINGSTON & BACH, for defendant in error; SIGMUND LIVINGSTON, of counsel.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

### Abstract of the Decision.

1. APPEAL AND ERROR, § 1506*—*when sustaining objection to question asked of witness on redirect examination harmless.* In a personal injury case sustaining an objection to a question asked of plaintiff on redirect examination as to whether he noticed the object which struck him, *held* not error where the form of the question was changed and the witness fully answered what he saw.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

2. APPEAL AND ERROR, § 1625*—*when error in rejection of evidence cured.* In a personal injury case, where the court permitted the defendant to ask the court reporter if a certain witness testified on a certain subject at a former trial and refused to permit plaintiff to show by the reporter that the witness was not asked any question on the subject, *held* that any error in the rulings of the court was cured, where it appeared the court afterwards changed its ruling and plaintiff was allowed to read to the jury the entire testimony of the witness at the first trial.

3. APPEAL AND ERROR, § 1241*—*when adversary's instructions cannot be complained of.* The appellant cannot complain of the giving of his adversary's instruction on a legal question involved in his own instruction, where it is not contended that it did not state the law correctly.

4. MASTER AND SERVANT, § 792*—*when instruction on theory, of accident proper.* In an action by a servant against his employer for personal injuries, the giving of an instruction which informed the jury that if the injury was the result of an accident the jury should find the defendant not guilty, *held* to state a correct proposition of law and that there was no error in giving it.